# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>MALLINCKRODT PLC, *et al.*,<br><br><br>                  Debtors.<br>_____ | Chapter 11<br><br>Case No. 20-12522<br><br>(Jointly Administered) |

STEAMFITTERS LOCAL UNION NO. 420
*individually and on behalf of all others similarly situated,*
14420 Townsend Road
Philadelphia, PA 19154

                  Plaintiff,

     v.

MALLINCKRODT PLC
3 Lotus Park, the Causeway
Staines-upon-Thames,
Surrey, TW18 3 AG

MALLINCKRODT ARD, LLC,
*Formerly known as*
MALLINCKRODT ARD, INC.,
*Formerly known as*
QUESTCOR PHARMACEUTICALS, INC.;
1425 U.S. Route 206
Bedminster, NJ 07921

QUESTCOR INTERNATIONAL LTD.,
f/k/a/ AKASIA LTD.
College Business & Technology Park
Cruiserath, Blanchardstown, Dublin 15, Ireland.

ST OPERATIONS LLC
675 James S. McDonnell Blvd
Hazelwood, MO 63042-2301

MALLINCKRODT INTERNATIONAL FINANCE SA
3b, Boulevard Prince Henri, L-1724 Luxembourg,
Grand Duchy of Luxembourg

Adv. Pro. No. _____

MALLINCKRODT UK LTD
Lotus Park, 3 The Causeway
Staines Upon Thames , TW18 3AG
United Kingdom

MALLINCKRODT GROUP S.A.R.L
Herikerberweg 238
Amsterdam 1101CM, Netherlands

MALLINCKRODT LUX IP S.a.r.l.
675 McDonnell Blvd
Hazelwood, MO 63042

 MALLINCKRODT PHARMA IP TRADING
UNLIMITED CO., f/k/a MALLINCKRODT
PHARMA IP TRADING DESIGNATED ACTIVITY
CO.,
College Business & Technology Park Cruiserath,
Blanchardstown, Dublin 15, Ireland.

ACTHAR IP UNLIMITED CO.
f/k/a ACTHAR IP
College  Business  &  Technology  Park  Cruiserath,
Blanchardstown, Dublin 15, Ireland.

MALLINCKRODT ARD IP UNLIMITED CO., f/k/a
MALLINCKRODT ARD IP LIMITED CO.
College Business & Technology Park
Cruiserath, Blanchardstown, Dublin 15, Ireland.

MALLINCKRODT IP ULIMITED CO.
College Business & Technology Park
Cruiserath  Blanchardstown
Dublin  15 Ireland

MALLINCKRODT HOSPITAL PRODUCTS IP
UNLIMITED CO.
College Business & Technology Park
Cruiserath  Blanchardstown
Dublin  15 Ireland

MALLINCKRODT PHARMACEUTICALS
IRELAND, LTD,
College Business & Technology Park Cruiserath,
Blanchardstown, Dublin 15, Ireland.

SONORANT THERAPEUTICS LTD.,
College Business & Technology Park
Cruiserath, Blanchardstown, Dublin 15, Ireland.

THERAKOS EMEA LTD.,
f/k/a MALLINCKRODT SPECIALTY
PHARMACEUTICALS IRELAND, LTD.,
f/k/a QUESTCOR OPERATIONS LTD.,
College Business & Technology Park
Cruiserath, Blanchardstown, Dublin 15, Ireland.

MEH INC.
701 S Carson St STE 200
Carson City, NV, 89701

ST US HOLDINGS LLC
675 James S. McDonnell Blvd
Hazelwood, MO 63042-2301

MALLINCKRODT BRAND PHARMACEUTICALS
675 McDonnell Blvd
Hazelwood, MO 63042

ST US POOL LLC
675 James S. McDonnell Blvd
Hazelwood, MO 63042-2301

MALLINCKRODT US HOLDINGS, LLC
675 McDonnell Blvd
Hazelwood, MO 63042

MALLINCKRODT ARD HOLDINGS, INC.
675 McDonnell Blvd
Hazelwood, MO 63042

MALLINCKRODT EQUINOX FINANCE LLC
385 Marshall Ave
Webster Groves, MO 63119-1831

PETTEN HOLDINGS INC.
675 James S. McDonnell Boulevard
Hazelwood, MO 63042

MALLINCKRODT PETTEN HOLDINGS B.V.
Herikerberweg 238

Amsterdam 1101CM, Netherlands

ST SHARED SERVICES LLC,
f/k/a MALLINCKRODT PHARMACEUTICALS
LTD.
675 James S. McDonnell Blvd
Hazelwood, MO 63042-2301

Defendants.

**STEAMFITTER'S LOCAL UNION NO. 420'S COMPLAINT TO DETERMINE
DISCHARGE AND OBJECTING TO DISCHARGE OF DEBTS**

Steamfitters Local Union no. 420 ("Steamfitters Local 420") by and through their

undersigned counsel, by way of the within Complaint to Determine Discharge and Objecting to

Discharge of Debts against various Debtor-Defendants[1] and Non-Debtor Defendants[2], state as

follows:

## JURISDICTION AND VENUE

1.      This adversary proceeding arises in and relates to the bankruptcy case captioned *In

re Mallinckrodt PLC, et. al.*, Case No. 20-12522, United States Bankruptcy Court for the District

of Delaware, Case No. (the "Bankruptcy Case").

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334,

and 11 U.S.C. § 523.

3.      This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(I) because it is a proceeding to determine dischargeability of a debt, and to determine

whether a debtor is entitled to a discharge.

4.      Venue properly lies in this District under 28 U.S.C. § 1409(a) because this

Adversary Proceeding is related to the Bankruptcy Case, which is pending in this District and

arises under Title 11 of the United States Code, 11 U.S.C. § 1101, *et. seq.*

---

[1] The "Debtor-Defendants" consist of all of the above entities listed as "defendants" in the
caption of this case.

[2] The "Non-Debtor Defendants" consist of the following: Questcor International, Ltd., Sonorant
Therapeutics, Ltd., Therakos EMEA, Ltd.; and Mallinckrodt Petten Holdings B.V.

## PARTIES

### Plaintiff

5.      Plaintiff, Steamfitters Local Union of No. 420 is a Taft-Hartley union fund providing health and welfare benefits to its members and their families. Local 420 has a business address at 14420 Townsend Road, Philadelphia, Pennsylvania 19154, which is situated in Philadelphia County, Pennsylvania. Local 420 has represented the interests of working men and women in eastern Pennsylvania since 1935 and provides healthcare benefits to its employees through Independence Blue Cross ("IBC"). While IBC coordinates Local 420's prescription drug benefits, including specialty drugs like Acthar, through Future Scripts, a pharmacy benefits manager ("PBM"), Local 420 is self-funded, meaning that Local 420 and its beneficiaries pay the full costs of drugs like Acthar. The spouse of one such member of Local 420 has a medical condition, a rheumatic disorder, for which Acthar was prescribed for treatment. As described more fully herein, rheumatic conditions became a target of Defendant's marketing and sales scheme to promote the sale of Acthar at artificially inflated prices. She received four separate prescriptions of Acthar in early 2018. Local 420 then paid for these administrations of Acthar at a net cost of $38,199.73 for each such prescription. The net cost was based upon the inflated AWP of Acthar as set by Mallinckrodt and Express Scripts. The sum total of the 4 prescriptions paid for by Local 420 was $152,798.92. The member/beneficiary was required to pay a co-pay of $70.00 for each prescription, for a total of $280.00.

6.      On July 12, 2019, the Local 420 filed suit on behalf of itself and other similarly-situated entities against Mallinckrodt, United BioSource and their related entities in the District Court of the Eastern District of Pennsylvania and were assigned the Case No. 2:19-cv-03047. A true and correct copy of the Steamfitters Local 420 Complaint is attached hereto as Exhibit "A".

7.      On December 19, 2019, the Court denied all of the Defendants' Motions to Dismiss.

## DEFENDANTS

### Mallinckrodt Business Lines

8.      The Mallinckrodt enterprise operates two separate businesses.

9.      The "**Specialty Brands**" business, operated by various entities within the Mallinckrodt family of companies, conducts its global manufacturing operations in Dublin, Ireland, and has its principal U.S. offices in Bedminster Township, New Jersey, with a significant corporate administrative office in Hazelwood, Missouri near St. Louis.  These are the same offices that Mallinckrodt ARD – the operating entity for Acthar distribution, marketing and sale -- uses as its corporate headquarters.

10.     The Mallinckrodt "**Specialty Generics**" business is primarily involved in the manufacture, distribution and sale of opioids, and is comprised of several non-defendants, Mallinckrodt entities, Mallinckrodt LLC, Mallinckrodt Enterprises LLC, SpecGx Holdings LLC, SpecGx, , LLC and Mallinckrodt APAP LLC.

11.     This case concerns the Specialty Brands business and, in particular, the most significant and valuable brand, H.P. Acthar Gel ("Acthar").

### Specialty Brands Business

12.     Questcor Pharmaceuticals, Inc. ("Questcor") was acquired by Mallinckrodt on August 14, 2014 for $5.9 billion, after paying only $100,000 for Questcor's lone product 13 years earlier.  Following the acquisition, Questcor became a wholly-owned subsidiary of Mallinckrodt and its name was changed to Mallinckrodt ARD Inc.  Later, Mallinckrodt ARD Inc. became Mallinckrodt ARD LLC ("**Mallinckrodt ARD**").

13.     Mallinckrodt ARD is a biopharmaceutical company incorporated in California,

3

with corporate offices located at 675 McDonnell Blvd., Hazelwood, Missouri and 1425 US 206, Bedminster, New Jersey.  For clarity, where necessary, the entity that existed prior to the Mallinckrodt acquisition is herein referred to as "Questcor".

14.     Mallinckrodt ARD is a California limited liability company, with a principal place of business at 675 McDonnell Blvd Hazelwood, MO 63042. Mallinckrodt, plc acquired Questcor Pharmaceuticals, Inc, and filed an Agreement of Merger on August 14, 2014 with the California Secretary of State. With Mallinckrodt's acquisition, Questcor became a wholly-owned subsidiary of Mallinckrodt and on July 27, 2015 its corporate name was changed from Questcor Pharmaceuticals, Inc. to Mallinckrodt ARD Inc. On January 26, 2019, the Company filed a Conversion with the California Secretary of State, changing its name and company type to Mallinckrodt ARD, LLC.

15.     On October 12, 2020, Mallinckrodt ARD, voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12551 On October 14, 2020, the case was consolidated with the Chapter 11 proceedings filed by Mallinckrodt, plc and is now jointly administered under Case No. 20-12522.

16.     At the time of the Mallinckrodt acquisition, Questcor's only product sold in the United States was Acthar.  As of the date of this Class Action Complaint, Mallinckrodt continues to manufacture, distribute and sell Acthar directly to patients, exclusively through Cigna/Evernorth, by a program known as the "Acthar Support and Access Program" ("ASAP") described below.

17.     Defendant, Mallinckrodt plc ("Mallinckrodt plc"), is an Irish public limited company, with its corporate headquarters in Staines-upon-Thames, United Kingdom.  Its

principal executive offices are located at 3 Lotus Park, the Causeway, Staines-upon-Thames, Surrey, TW18 3 AG.

18.     Mallinckrodt plc and Mallinckrodt ARD, as the owners and operators of the Mallinckrodt Specialty Brands business, are collectively referred to as "Mallinckrodt".

### 1.  **Mallinckrodt Parent Entities**

19.     Defendant, Mallinckrodt plc is an Irish public limited company.  The company was incorporated on January 9, 2013, and registered as a new company with the Companies Registration Office (CRO) of Ireland on September 1, 2013 with a Company Number of 522227. Mallinckrodt plc maintains a principal place of business at 3 Lotus Park, The Causeway, Staines-Upon-Thames, Surrey TW18 3AG, United Kingdom.

20.     On October 12, 2020, Mallinckrodt plc, voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12522. On October 14, 2020, the case was consolidated with the Chapter 11 proceedings filed by several of its wholly-owned subsidiary entities and is now jointly administered under Case No. 20-12522.

21.     Defendant, Mallinckrodt International Finance S.A., Inc. is a public limited liability company (société anonyme) and operating company ("**MIFSA**"), incorporated under the laws of the Grand Duchy of Luxembourg and wholly-owned subsidiary of Mallinckrodt, plc.   The company was incorporated on November 16, 2012, and registered with the Luxembourg Trade and Companies Register on April 30, 2013 under the number B172865.  It maintains a registered office at 3b, Boulevard Prince Henri, L-1724 Luxembourg, Grand Duchy of Luxembourg.

22.     As Mallinckrodt conceded in its bankruptcy filing, MIFSA "is the direct or indirect parent of all of the Debtors in these cases as well as the non-Debtor affiliates" named herein.  Case No. 20-12522, Dkt. No. 969 at 2.

23.     MIFSA is the original borrowing and issuing entity for Mallinckrodt debt. It is the holder of parental debt guarantees and holds a substantial foreign cash pool funded, in large part, by the marketing and sales Acthar by Mallinckrodt ARD.  The movement of monies into and out of the MIFSA "cash pool" is demonstrated by MIFSA's

24.     On October 12, 2020, MIFSA voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12540. On October 14, 2020, the case was consolidated with the Chapter 11 proceedings filed by Mallinckrodt, plc and is now jointly administered under Case No. 20-12522.

25.     Mallinckrodt UK Limited is a public limited liability company and operating company ("Mallinckrodt UK"), incorporated on June 23, 1986 under the laws of the United Kingdom, and is wholly-owned subsidiary of Mallinckrodt, plc.  It maintains a registered office in Surrey, United Kingdom.  It maintains a principal place of business at Lotus Park, 3 The Causeway Staines Upon Thames , TW18 3AG United Kingdom.

26.     On October 12, 2020, Mallinckrodt UK voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey.  On October 14, 2020, the case was administratively consolidated with the Chapter 11 proceedings filed by Mallinckrodt, plc and is now jointly administered under Case No. 20-12522.

27.    Mallinckrodt Group S.a.r.l. ("Mallinckrodt Group Sarl") is a Luxembourg company and wholly-owned subsidiary of Mallinckrodt, plc. The company was registered on September 10, 2012 with a RCS file number of B171811 and maintains a principal place of business at 675 McDonnell Blvd Hazelwood, MO 63042. On October 12, 2020, Mallinckrodt Group S.a.r.l, voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12527. On October 14, 2020, the case is now jointly administered under Case No. 20-12522

28.    Mallinckrodt plc is the sole owner of MIFSA, Mallinckrodt UK and Mallinckrodt Group Sarl, which are collectively referred to herein as "Mallinckrodt Parents".   Case No. 20-12522, D.I. No. 969 at 2.

### Mallinckrodt Subsidiary Entities
### Mallinckrodt IP Entities

29.    Defendants, Mallinckrodt Pharma IP Trading Unlimited Company, is an Irish private unlimited company and wholly-owned subsidiary of MIFSA ("Mallinckrodt Pharma IP"). The company was incorporated on September 21, 2015 and registered as a new company with the Companies Registration Office (CRO) of Ireland under the name Mallinckrodt Pharma IP Trading Designated Activity Company on the same day, with a Company Number of 568588.  The company maintains a principal place of business at College Business & Technology Park Cruiserath, Blanchardstown, Dublin 15, Ireland.

30.    On May 27, 2020, the company filed a re-registration of company type and transitioned to Mallinckrodt Pharma IP Trading Unlimited Company.  On that same date, the exact same filing (a D20 form re-registering from a Limited Company to an Unlimited Company) was

also done with regards to the company's subordinate entities, co-defendant Mallinckrodt ARD IP Unlimited Company and non-defendant Mallinckrodt Hospital Products IP Unlimited Company.

31.    On October 12, 2020, Mallinckrodt Pharma IP voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12559 and is now jointly administered under Case No. 20-12522.

32.    Defendant, Acthar IP Unlimited Co., is an Irish private unlimited company, and wholly-owned subsidiary of Mallinckrodt Pharma IP ("Acthar IP").   The company was incorporated on September 26, 2014 and maintains a principal place of business at College Business & Technology Park Cruiserath, Blanchardstown, Dublin 15, Ireland.

33.    On October 12, 2020, Acthar IP Unlimited Co. voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and is now jointly administered under Case No. 20-12522.

34.    Defendant, Mallinckrodt ARD IP Unlimited Company, is an Irish private unlimited company, and wholly-owned subsidiary of Acthar IP ("Mallinckrodt ARD IP"). The company was incorporated on September 17, 2015 and registered as a new company with the Companies Registration Office (CRO) of Ireland under the name Acthar IP on April 26, 2014 with a Company Number of 550246.

35.    On October 12, 2020, Mallinckrodt ARD IP voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12549 and is now jointly administered under Case No. 20-12522.

36.     Defendant, Mallinckrodt IP Unlimited Co., is an Irish private unlimited company, and wholly-owned subsidiary of Mallinckrodt Pharma IP ("Mallinckrodt IP").  The company was incorporated on April 1, 2014 and maintains a principal place of business in Dublin, Ireland.

37.     On October 12, 2020, Mallinckrodt IP voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and is now jointly administered under Case No. 20-12522.

38.     Defendant, Mallinckrodt Hospital Products IP Unlimited Co., is an Irish private unlimited company, and wholly-owned subsidiary of Mallinckrodt IP ("Mallinckrodt Hospital Products IP").  The company was incorporated on April 1, 2014 and maintains a principal place of business in Dublin, Ireland

39.     On October 12, 2020, Mallinckrodt Hospital Products IP voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and is now jointly administered under Case No. 20-12522.

40.     Defendant, Mallinckrodt Pharmaceuticals Ireland LTD, is an Irish private limited operating company and wholly-owned subsidiary of MIFSA ("MPIL").  The company was incorporated on August 20, 2014 and registered as a new company with the Companies Registration Office (CRO) of Ireland on the same day, with a Company Number of 548294.  It maintains a principal place of business at College Business & Technology Park Cruiserath, Blanchardstown, Dublin 15, Ireland.

41.     It is believed and therefore averred that Mallinckrodt created MPIL to manage aspects of its specialty brands business, including the sale of Acthar and Synacthen.  As part of that function, MPIL handled the calculation and payment of royalties owed to Aventis

Pharmaceuticals under the 2001 acquisition agreement.  Aventis was entitled to be paid, and was paid 1% of the adjusted net sales of Acthar.

42.     Executives of MPIL were routinely involved in the day-to-day activities and decision-making involving the U.S. sales of Acthar, including the marketing and promotion of Acthar.  As a result, MPIL was an active participant in the alleged unlawful conduct at issue in the Acthar Plaintiffs' cases.

43.     On October 12, 2020, MPIL voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12562 and is now jointly administered under Case No. 20-12522.

44.     On June 10, 2020, a little more than four months before it filed for bankruptcy, MPIL received from another Defendant-Debtor, Mallinckrodt ARD LLC the sum of $561,654,617 as a purported "Intercompany - Commercial Supply Chain Re-Establishment" payment, and another "Intercompany Trade" payment in the amount of $10,075,323.  These payments resulted in Mallinckrodt ARD reporting a substantial reduction in gross revenue, from $1,110,064,724 (in 2018) and $952,707,262 (in 2019), to just $41,472,782 in the first 9 months of 2020, just prior to the bankruptcy filings.

45.     Defendant, Sonorant Therapeutics, LTD, is an Irish private, limited, non-operating (as of December 2020) company and wholly-owned subsidiary of Mallinckrodt Pharmaceuticals ("Sonorant Therapeutics"). The company was incorporated on April 24, 2019 and registered as a new company with the Companies Registration Office (CRO) of Ireland on the same day, with a Company Number of 648696.  It maintains a principal place of business at College Business & Technology Park Cruiserath, Blanchardstown, Dublin 15, Ireland.

46.     On October 12, 2020, MIFSA, the parent of Sonorant Therapeutics, voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. Mallinckrodt PLC's case has been assigned to the Honorable John T. Dorsey and is now jointly administered under Case No. 20-12522. Sonorant Therapeutics did not itself file for bankruptcy and in all filings within that consolidated matter, Sonorant Therapeutics is listed as a Non-Debtor and Non-Obligor entity.

47.     Sonorant Therapeutics was to be the new name of Mallinckrodt once the generic product line (which include the opioid business) was sold off.  It was to be based in Bedminster, New Jersey, the location of the Mallinckrodt ARD brand business in the United States.

48.     While the spinoff of the generics business was to have been completed by the second half of 2019, creating two companies – one focused on generic products and based in St. Louis (under the new name "Mallinckrodt Inc.") and the other focused on specialty brand products and based in Bedminster (under the new name "Sonorant Therapeutics PLC") – the spinoff never happened.

49.     Instead, in February 2020, Mallinckrodt "contemplated a surgical, specialty Generics-only chapter 11 filing." Case No. 20-12522, D.I. 128 at ¶ 17.  Debtors abandoned that approach in favor of a bankruptcy of both the generics business and portions of the specialty brands business.

50.     Defendant, Therakos EMEA Limited is an Irish private, limited, operating company and wholly-owned subsidiary of Mallinckrodt Pharmaceuticals ("Therakos EMEA"). The company was incorporated on September 11, 2013 and initially registered as a new company with the Companies Registration Office (CRO) of Ireland under the name Questcor Operations, Ltd on the same day, with a Company Number of 532615 ("Questcor Operations").

11

51.     On May 18, 2015, the Company registered a Name Change with the CRO, changing its name to Mallinckrodt Specialty Pharmaceuticals Ireland, Limited ("Mallinckrodt Specialty Pharmaceuticals").

52.     On September 24, 2019, the Company registered another Name Change with the CRO, changing its name to Therakos EMEA, Limited and maintains a principal place of business at College Business & Technology Park Cruiserath, Blanchardstown, Dublin 15, Ireland.

53.     On October 12, 2020, Mallinckrodt Pharmaceuticals, the parent of Therakos, EMEA, voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware.  Mallinckrodt PLC's case has been assigned to the Honorable John T. Dorsey, and on October 14, 2020, was consolidated with the concurrent Chapter 11 proceedings filed by several subsidiary entities and is now jointly administered under Case No. 20-12522.

54.     Therakos EMEA did not itself file for bankruptcy and in all filings within that consolidated matter, Therakos EMEA is listed as a Non-Debtor and Non-Obligor entity.

**Mallinckrodt UK Entities**

55.     In the United Kingdom, Mallinckrodt created three new subsidiary holding companies on the same day, June 17, 2014.  Each subsidiary stood in a vertical relationship to MIFSA as follows:  MIFSA's direct subsidiary, Mallinckrodt ARD Holdings Limited, was parent to MUSHI UK Holdings Limited, which was parent to Mallinckrodt Enterprises UK Limited as follows:

| MIFSA |
| --- |
| Mallinckrodt ARD Holdings Limited (UK) |
| MUSHI UK Holdings Limited (UK) |
| Mallinckrodt Enterprises UK Limited (UK) |

56.     Each subsidiary was incorporated under the laws of the United Kingdom with the same principal place of business at Surrey, United Kingdom.

57.     Mallinckrodt ARD Holdings Limited, is a United Kingdom private limited company and wholly-owned subsidiary of MIFSA.   The company was formed on June 17, 2014 under the name MIFSA UK Limited, with a company number of 09090452 ("**Mallinckrodt ARD Holdings Ltd**.").

58.     On September 18, 2014, it is believed the company changed its name to Mallinckrodt ARD Holdings, Limited and maintains a registered office address of 3 Lotus Park, The Causeway, Staines Upon Thames, England TW18 3AG.

59.     On October 12, 2020, Mallinckrodt ARD Holdings, Ltd. voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has

been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12546. On October 14, 2020, the case was consolidated with the Chapter 11 proceedings filed by Mallinckrodt, plc and is now jointly administered under Case No. 20-12522.

60.     MUSHI UK Holdings Limited, is a United Kingdom private limited company and wholly-owned subsidiary of Mallinckrodt ARD Holdings, Ltd.  The company was formed on June 17, 2014 ("MUSHI UK").  It is not named as a defendant here because there is no evidence presently that it received Acthar money.  However, Plaintiff reserves the right to amend this Complaint to name MUSHI UK in the future.

61.     On October 12, 2020, MUSHI UK voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey. On October 14, 2020, the case was consolidated with the Chapter 11 proceedings filed by Mallinckrodt, plc and is now jointly administered under Case No. 20-12522.

62.     Mallinckrodt Enterprises UK Limited, is a United Kingdom private limited company and wholly-owned subsidiary of MUSHI UK.  The company was formed on June 17, 2014 ("Mallinckrodt Enterprises UK"). It is not named as a defendant here because there is no evidence presently that it received Acthar money.  However, Plaintiff reserves the right to amend this Complaint to name Mallinckrodt Enterprises UK in the future.

63.     On October 12, 2020, Mallinckrodt Enterprises UK voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey. On October 14, 2020, the case was consolidated with the Chapter 11 proceedings filed by Mallinckrodt, plc and is now jointly administered under Case No. 20-12522. Mallinckrodt Lux IP Sarl is a Luxembourg company and wholly-owned subsidiary of Mallinckrodt plc. ("Mallinckrodt Lux").

64.     Mallinckrodt Lux received and transferred over $1.1 billion.

**Mallinckrodt US Brand Entities**

65.     In the United States, Mallinckrodt created an extensive, vertically integrated structure under MIFSA, as the parent corporation, for its Specialty Brands business.  The direct subsidiary of MIFSA in the U.S. was MEH, Inc., a Nevada corporation ("MEH").  Both the generics and specialty brands businesses were incorporated as subsidiaries to MEH.

66.     Mallinckrodt Equinox Finance LLC, f/k/a Mallinckrodt Equinox Finance Inc. ("Mallinckrodt Equinox") is a Delaware company and wholly-owned owned subsidiary of MEH and Mallinckrodt, plc. The company was incorporated on September 12, 2017 under the name Mallinckrodt Equinox Finance Inc with a file number of 6540739. At some point, the company changed its entity status to a Limited Liability Company and currently maintains a principal place of business at 675 McDonnell Blvd Hazelwood, MO 63042. On October 12, 2020, ST Operations LLC, voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12523. On October 14, 2020, the case was consolidated with the Chapter 11 proceedings filed by Mallinckrodt, plc and is now jointly administered under Case No. 20-12522

67.     Defendant, ST Shared Services LLC ("ST Shared Services") is a Delaware Limited Liability Company and wholly-owned subsidiary of Mallinckrodt, plc. The company was formed on July 2, 2019 with a file number of 7497395 and maintains a principal place of business at 675 McDonnell Blvd Hazelwood, MO 63042. On October 12, 2020, ST Shared Services LLC, voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case

15

No. 20-12557. On October 14, 2020, the case was consolidated with the Chapter 11 proceedings filed by Mallinckrodt, plc and is now jointly administered under Case No. 20-12522.

68.     Defendant, ST Operations, LLC ("ST Operations") is a Delaware Limited Liability Company and wholly-owned subsidiary of Mallinckrodt, plc. The company was formed on February 3, 2020 with a file number of 7833101 and maintains a principal place of business at 675 McDonnell Blvd Hazelwood, MO 63042. On October 12, 2020, ST Operations, LLC, voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12555. On October 14, 2020, the case was consolidated with the Chapter 11 proceedings filed by Mallinckrodt, plc and is now jointly administered under Case No. 20-12522.

69.     Petten Holdings, Inc. ("Petten") is a Delaware corporation and wholly-owned subsidiary of Mallinckrodt, plc. The company was incorporated on December 6, 2018 with a file number of 7181352 and maintains a principal place of business at 675 McDonnell Blvd Hazelwood, MO 63042. On October 12, 2020, Petten Holdings, Inc, voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12547. On October 14, 2020, the case was consolidated with the Chapter 11 proceedings filed by Mallinckrodt, plc and is now jointly administered under Case No. 20-12522

70.     Mallinckrodt Petten Holdings BV ("**Mallinckrodt Petten**") is a Netherlands corporation and wholly-owned subsidiary of Mallinckrodt, plc. The company has an Establishment number of 000026164515 and maintains a principal place of business at 675 McDonnell Blvd Hazelwood, MO 63042. Despite the ongoing Chapter 11 bankruptcy proceeding of its parent

16

company and several fellow subsidiary entities in Delaware being administered under Case No. 20-12522, Mallinckrodt Petten Holdings BV has been alleged to be a non-debtor entity.

71.     Defendant, ST US Holdings LLC ("ST US Holdings") is a Nevada Limited Liability Company and wholly-owned subsidiary of Mallinckrodt, plc. The company was initially incorporated on November 8, 2006 under the name Mallinckrodt US Holdings, Inc., with a Nevada Business ID Number of NV20061715285. On September 9, 2020, the company filed Articles of Conversion to change their name to ST US Holdings, LLC and their company type to a Limited Liability Company with a new Nevada Business ID Number of NV20201887199 and maintains a principal place of business at 675 McDonnell Blvd Hazelwood, MO 63042. On October 12, 2020, ST US Holdings LLC, voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12560. On October 14, 2020, the case was consolidated with the Chapter 11 proceedings filed by Mallinckrodt, plc and is now jointly administered under Case No. 20-12522.

72.     Defendant, Mallinckrodt Brand Pharmaceuticals LLC ("Mallinckrodt Brand Pharma") is a Delaware Limited Liability Company and wholly-owned subsidiary of Mallinckrodt, plc. The company was formed on January, 5, 2001 with a file number of 3340685 and maintains a principal place of business at 675 McDonnell Blvd Hazelwood, MO 63042. On October 12, 2020, Mallinckrodt Brand Pharmaceuticals LLC, voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12554 and is now jointly administered under Case No. 20-12522.

73.     Defendant, Mallinckrodt US Holdings LLC ("Mallinckrodt US Holdings") is a Delaware Limited Liability Company and wholly-owned subsidiary of Mallinckrodt, plc. The company was formed on December, 20, 2012 with a file number of 5214842 and maintains a principal place of business at 675 McDonnell Blvd Hazelwood, MO 63042. On October 12, 2020, Mallinckrodt US Holdings LLC, voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12578 and is now jointly administered under Case No. 20-12522.

74.     Defendant, ST US Pool LLC ("ST US Pool") is a Delaware Limited Liability Company and wholly-owned subsidiary of Mallinckrodt, plc. The company was formed on February 4, 2020 with a file number of 7834956 and maintains a principal place of business at 675 McDonnell Blvd Hazelwood, MO 63042. On October 12, 2020, ST US Pool LLC, voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12563. On October 14, 2020, the case was consolidated with the Chapter 11 proceedings filed by Mallinckrodt, plc and is now jointly administered under Case No. 20-12522.

75.     Defendant, Mallinckrodt ARD Holdings, Inc. ("Mallinckrodt ARD Holdings") is a Delaware Corporation and wholly-owned subsidiary of Mallinckrodt, plc. The company was incorporated on July 25, 2014 with a file number of 5575164 and maintains a principal place of business at 675 McDonnell Blvd Hazelwood, MO 63042. On October 12, 2020, Mallinckrodt ARD Holdings, Inc, voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. The case has been assigned to the Honorable John T. Dorsey and was given the Case No. 20-12543 and is now jointly administered under Case No. 20-12522.

76.     Defendant Questcor International, LTD is an Irish private limited company and wholly-owned subsidiary of Mallinckrodt, plc. The company was initially registered as a new company with the Companies Registration Office (CRO) of Ireland under the name Akasia, Limited on June 7, 2013, with a Company Number of 528629. On October 22, 2013, the Company registered a Name Change with the CRO, changing its name to Questcor International, Limited and maintains a principal place of business at College Business & Technology Park Cruiserath, Blanchardstown, Dublin 15, Ireland. On October 12, 2020, Mallinckrodt PLC, of which Questcor International, LTD is a wholly-owned subsidiary, voluntarily initiated Chapter 11 proceedings in the U.S. Bankruptcy Court for the District of Delaware. Mallinckrodt PLC's case has been assigned to the Honorable John T. Dorsey, and was consolidated with the concurrent Chapter 11 proceedings filed by several subsidiary entities and is now jointly administered under Case No. 20-12522. Questcor International, LTD did not itself file for bankruptcy and in all filings within that consolidated matter, Questcor International, LTD is listed as a Non-debtor and Non-obligor entity.

## BACKGROUND

77.     Beginning with the *City of Rockford v. Mallinckrodt* case filed in the Northern District of Illinois in 2017, Acthar Plaintiffs brought a series of cases against defendants[3] in those actions alleging, *inter alia*, common law fraud, consumer fraud, state RICO, and violations of the federal Racketeer Influenced Corrupt Organizations Act. (18 U.S.C. 1962).

78.     The five cases proceeded into discovery after multiple motions to dismiss were denied by district courts in Illinois, Tennessee and Pennsylvania.

---

[3] A related class action case, in which Steamfitters Local 420 is a member of the putative class, is *Steamfitters Local 420 v. Mallinckrodt ARD, LLC,* (E.D. Pa) (*Steamfitters Local 420 case*)

79.     As has come to be the *modus operandi* of pharmaceutical giants, Defendants opposed discovery at every turn, all while secretly re-allocating assets amongst the 3-Card Monty organizational structure that has become the "reorganized" Mallinckrodt.

80.     As this case will demonstrate, Defendants have engaged not only in fraud as to the marketing of their drugs to physicians, their corruption of the medical research literature, and their conspiracy to charge unconscionable prices for the drug Acthar, they have also fraudulently reassigned assets from companies to strip the value from the debtor entities in order to benefit the non-debtor entities – the exact definition of the metaphorical "robbing Peter to pay Paul."

81.     Of the causes of action at issue, only the fraud, consumer fraud, and RICO claims create an exemption to discharge under 11 U.S.C. § 523.  The remaining exceptions to discharge fall under 11 U.S.C. § 727.

### *Steamfitters Local 420 v. Mallinckrodt ARD Inc., et. al.*:

82.     On July 12, 2019, Steamfitters Local 420 filed its complaint (incorporated herein by reference) against Defendant Mallinckrodt ARD Inc., et al. asserting, *inter alia* the briefly summarized following causes of action:

    a.   Violation of 18 U.S.C. § 1962;

    b.   Conspiracy to Violate 18 U.S.C. § 1962;

    c.   Violation of the Pennsylvania Consumer Protection Statute;

    d.   Violation of the consumer protection statutes of other states;

    e.   Misrepresentation;

    f.   Aiding and Abetting/Conspiracy

83.     In pleading a claim under federal RICO, the following is required:

A RICO plaintiff alleging a violation of § 1962(c) must show conduct of an enterprise through a pattern of racketeering activity, and that she has been injured in her business or property by reason of the RICO violation.

A claim of a pattern of racketeering activity "requires at least two [predicate] acts of racketeering activity within a ten-year period. . . . '[R]acketeering activity' is defined to include, among other things, any act indictable under specified provisions of the United States Code, including 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud)." Here, plaintiffs allege predicate acts of mail fraud under 18 U.S.C. § 1341 and wire fraud under 18 U.S.C. § 1343. The elements of mail fraud under § 1341 are: (1) the defendant's participation in a scheme to defraud; (2) **defendant's commission of the act with intent to defraud**; and (3) use of the mails in furtherance of the fraudulent scheme.

*City of Rockford v. Mallinckrodt ARD Inc., et. al.,* 360 F. Supp. 3d at 772-73.

84.  Thus, RICO requires proof of intent.

85.  With respect to RICO Steamfitters pleaded:

a.  Debtors and their co-conspirators used the wires and the mails in furtherance of fraudulent conduct, including off-label marketing prohibited by the Food and Drug Administration.

b.  As described in greater detail in the complaint, Defendants' fraudulent scheme consisted of confining patients to an exclusive distribution network, such that they could drastically inflate the prices charged for Acthar. By conducting this program through the mail and wires Defendants engaged in a repeated, fraudulent, and unlawful course of conduct constituting a pattern of racketeering.

c.  As detailed in the complaint, the Acthar Marketing Enterprise consisted of: (i) deliberately misrepresenting, and causing others to misrepresent, the uses for which Acthar was safe and effective so the Plaintiff and the Class Members paid for this drug at inflated prices to treat conditions and/or symptoms for which it was not scientifically proven to be safe, effective, useful and valuable; (ii) presenting seminars, events, in-person meetings and telephonic communications misrepresenting the off-label uses of Acthar for which

21

Defendants knew Acthar was not proven to be scientifically safe, effective, useful or valuable to physicians and other healthcare providers; (iii) disseminating materials created pursuant to the Acthar Marketing Enterprise and using those materials to misrepresent, and cause others to misrepresent, the uses for which Acthar was safe, effective, useful and valuable; and (iv) actively concealing, and causing others to conceal, information about the safety, efficacy, usefulness and value of Acthar to treat conditions for which it had not been approved by the FDA.

d.   These racketeering activities amounted to a continuing course of conduct, with similar pattern and purpose, intended to harm Plaintiff and the Class to pay excessive amounts for Acthar. Each instance of racketeering activity perpetuated by the Defendants was related, and had a similar intended purpose, involved similar participants and methods of execution, and have the same results affecting the same class of victims, including Plaintiff and the Class.

e.   Defendants had engaged in this pattern of racketeering activity for the purpose of conducting the ongoing business affairs of the Acthar Marketing Enterprise, all with the intent to violate the federal statute and inflict consumer injury.

86.   Defendants moved to dismiss the complaint in its entirety. The district court, in a one-line order, denied that motion on December 19, 2019.

87.   Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §§201, et seq. ("UTPCPL") makes unlawful any "unfair methods of competition" and "unfair or deceptive acts or practices", including the following, among others:

a. (ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

b. (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

c. (vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

d. (viii) Disparaging the goods, services or business of another by false or misleading representations of fact;

e. (xi) Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions; and

f. (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

88.    Steamfitters Local 420 pleaded that Defendants engaged in the following unfair and deceptive acts or practices, which violate the aforesaid provisions of the UTPCPL:

a. By entering into the exclusive distribution arrangement described herein in 2007, and not disclosing the same to Local 420, Mallinckrodt and UBC engaged in deceptive acts and made misrepresentations to Plaintiff and its beneficiary that impeded Plaintiff's efforts to contain costs for specialty drugs like Acthar. By then sending (or causing to be sent) bills for Acthar which charged the artificially inflated prices, and by communicating directly with patients about the misleading messages described above, Mallinckrodt injured

23

Plaintiff and the Class. This caused at least a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval and/or certification of Acthar sold by Mallinckrodt, misrepresented the same, and/or constituted fraudulent or deceptive conduct which created a likelihood of confusion or a misunderstanding by Plaintiff.

b.  Defendants conspired and agreed to adopt the above-described ASAP program and the Acthar Start Form in 2007, and to maintain and use the ASAP and Acthar Start Form through 2018 (when Plaintiff paid for Acthar), in order to mislead and deceive Local 420 and its beneficiary about the Mallinckrodt "hub" of patient care at UBC as it concerns the new conditions for which Acthar is not indicated, and to bypass Plaintiff's efforts to contain and reduce costs for specialty drugs, especially for new indications.

c.  Starting in July 2007, Mallinckrodt issued a misleading and deceptive announcement about its new distribution strategy, but the announcement failed to disclose that all aspects of Acthar distribution, pricing and product sales were now being coordinated through UBC as part of a "hub" of services for which Mallinckrodt contracted.

d.  Mallinckrodt and UBC misled and deceived Local 420 in the decision to raise the prices of Acthar, and the lack of value of Acthar for the prices being charged, in order to intentionally and deceptively charge false, misleading and excessive prices for Acthar, during the period between 2007 (when Mallinckrodt adopted its "new strategy" they entered into their exclusive distribution and hub arrangement), through 2018 (when Local 420 began to

24

pay for Acthar). Mallinckrodt then falsely claimed to offer discounts off the inflated prices of Acthar, thereby misleading Plaintiff as to the reasons for, existence of, or amounts of the Acthar price reductions, in violation of subsection (xi).

e.  Defendants acts or practices, including the failures to act and to speak the truth in the face of false, misleading and deceptive statements about Acthar's pricing, distribution and value, constitute "other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding, in violation of subsection (xxi).

f.  Local 420 is a person pursuant to the UTPCPL. Local 420 has been injured as a result of the Defendants' conduct in violation of Pennsylvania law, by virtue of having paid for Acthar in Pennsylvania, and hereby seeks damages. Plaintiff has purchased or reimbursed the costs of multiple administrations of Acthar distributed by Defendants to Local 420's beneficiary for her personal, family or household use and purpose. Because Local 420's beneficiary paid only a minimal co-pay ($70), Local 420 paid the bulk of the inflated prices of Acthar to Mallinckrodt.

89.    The acts and practices described in the complaint demonstrate that Mallinckrodt acted unlawfully within the meaning of the UTPCPL such that Steamfitters Local 420 may be awarded up to three times its actual damages sustained, and such additional relief as deemed necessary or proper.

90.    As demonstrated above, Steamfitters Local 420 in the *Steamfitters Local 420* case has alleged conduct on the part of the Debtor-Defendants that constitutes "false pretenses, false

representations and actual fraud" within the meaning of Sections 523(a)(2)(A), on behalf of itself and a Class of purchasers of Acthar.

91.    The Steamfitters Local 420 in the *Steamfitters Local 420* case has alleged conduct on the part of the Debtor-Defendants that constitutes "willful and malicious injury" within the meaning of Sections 523(a)(6), on behalf of itself and a Class of purchasers of Acthar.

92.    Since the filing of the Steamfitters Local 420 Complaint, Debtors have revealed a series of corporate moves designed to defraud Steamfitters Local 420, and other similarly-situated purchasers of Acthar (the "the Class").

93.    These fraudulent acts and omissions are detailed in the Complaint filed by the Law Enforcement Health Benefits Fund, Inc. ("LEHB") and filed in the Northern District of Illinois at Case No. 3:21-cv-50215.  The LEHB Complaint is incorporated by reference thereto as if fully set forth herein.

## COUNT ONE
### Nondischargeability Pursuant to Section 523(a)(2)(A)

94.    Steamfitters Local 420 repeats and realleges the allegations in the preceding paragraphs as if the same were set forth fully herein.

95.    Section 523(a)(2)(A) of the Bankruptcy Code provides that debts incurred based on "false pretenses, a false representation, or actual fraud" are not dischargeable.

96.    The Debtor-Defendants and Non-Debtor Defendants incurred debts by false pretenses, false representations and actual fraud, including but not limited to, all of the following detailed herein:

   a.    Defendants used, and knowingly caused the use of, mail and interstate wire communications to create, execute, and manage their fraudulent schemes, as well as to further them. (Complaint ¶ 480).

26

b.  Defendants' use of, and causing the use of, the mails and wires in furtherance

of their schemes to defraud involved thousands of communications and

transmission through the Class period all over the country, including: (¶ 481)

> • Transmission through mail and wire marketing and
> advertising materials about the off-label uses of Acthar to and
> from physicians across the country, including and especially
> the Acthar Start Forms which were faxed to UBC;
> • Communications and transmissions, including financial
> payments, from
> Defendants or vendors to participants in the Acthar Marketing
> Enterprise,
> including physicians, discussing and relating to the production
> and publication of articles and dissemination of materials
> misrepresenting the off-label uses and safety and efficacy of
> Acthar.
> • Communications with Plaintiff and the Class Members and
> their beneficiaries, other health insurers, and patients, including
> payments for Acthar to be made based on misrepresentations
> concerning their safety, efficacy, effectiveness, and usefulness;
> and
> • Communications, payments and monetary transfers using the
> wires concerning the receipt and distribution of the proceeds of
> Defendants' improper scheme.

c.  Defendants engaged in the following unfair and deceptive acts or practices,

which violate the aforesaid provisions of the Pennsylvania UTPCPL:

d.  By entering into the exclusive distribution arrangement described herein in

2007, and not disclosing the same to Local 420, Mallinckrodt and UBC

engaged in deceptive acts and made misrepresentations to Plaintiff and its

beneficiary that impeded Plaintiff's efforts to contain costs for specialty drugs

like Acthar. By then sending (or causing to be sent) bills for Acthar which

charged the artificially inflated prices, and by communicating directly with

patients about the misleading messages described above, Mallinckrodt injured

Plaintiff and the Class. This caused at least a likelihood of confusion or of

27

misunderstanding as to the source, sponsorship, approval and/or certification of Acthar sold by Mallinckrodt, misrepresented the same, and/or constituted fraudulent or deceptive conduct which created a likelihood of confusion or a misunderstanding by Plaintiff.

e.  Defendants conspired and agreed to adopt the above-described ASAP program and the Acthar Start Form in 2007, and to maintain and use the ASAP and Acthar Start Form through 2018 (when Plaintiff paid for Acthar), in order to mislead and deceive Local 420 and its beneficiary about the Mallinckrodt "hub" of patient care at UBC as it concerns the new conditions for which Acthar is not indicated, and to bypass Plaintiff's efforts to contain and reduce costs for specialty drugs, especially for new indications.

f.  Starting in July 2007, Mallinckrodt issued a misleading and deceptive announcement about its new distribution strategy, but the announcement failed to disclose that all aspects of Acthar distribution, pricing and product sales were now being coordinated through UBC as part of a "hub" of services for which Mallinckrodt contracted.

g.  Mallinckrodt and UBC misled and deceived Local 420 in the decision to raise the prices of Acthar, and the lack of value of Acthar for the prices being charged, in order to intentionally and deceptively charge false, misleading and excessive prices for Acthar, during the period between 2007 (when Mallinckrodt adopted its "new strategy" they entered into their exclusive distribution and hub arrangement), through 2018 (when Local 420 began to pay for Acthar). Mallinckrodt then falsely claimed to offer discounts off the

28

inflated prices of Acthar, thereby misleading Plaintiff as to the reasons for, existence of, or amounts of the Acthar price reductions.

h.  Defendants acts or practices, including the failures to act and to speak the truth in the face of false, misleading and deceptive statements about Acthar's pricing, distribution and value, constitute "other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

i.  In the specific manner alleged within the original complaint at paragraphs 41 – 444, and paragraphs 483-710.

97.  Violations of state consumer fraud and trade practice laws, as well as common law fraud, as outlined above, constitute "false pretenses, false representations and actual fraud" within the meaning of Sections 523(a)(2)(A).

98.  The predicate acts constituting RICO and relied on by the district court were the federal wire and mail fraud statutes as outlined above.  These acts constitute "false pretenses, false representations and actual fraud" within the meaning of Sections 523(a)(2)(A).

99.  Pursuant to Section 523(a)(2)A), such debts are not dischargeable.

WHEREFORE, Steamfitters Local 420, and the members of the Class it seeks to represent, respectfully requests that this Court enter judgment in its favor and against the Debtor-Defendants and Non-Debtor Defendants as follows: (i) declaring that the debts of the Debtor-Defendants and Non-Debtor-Defendants are nondischargeable under Section 523(a)(2)(A) of the Bankruptcy Code, and (ii) for such other relief that is equitable and just under the circumstances.

## COUNT TWO
### Nondischargeability Pursuant to 11 U.S.C. § 523(a)(6)

100.  Steamfitters Local 420 repeats and realleges the allegations in the preceding paragraphs as if the same were set forth fully herein.

101.    Section 523(a)(6) of the Bankruptcy Code provides that a debtor may not receive a discharge for debts incurred for "willful and malicious injury" by the Debtor to another individual or entity.

102.    Violations of Federal RICO, as alleged by Steamfitters Local 420 in the *Steamfitters Local 420* case, constitute "willful and malicious injury" within the meaning of Sections 523(a)(6).

103.    Violations of state consumer fraud laws, as alleged by Steamfitters Local 420 in the *Steamfitters Local 420* case, constitute "willful and malicious injury" within the meaning of Sections 523(a)(6).

104.    Such debts are nondischargeable pursuant to Section 523(a)(6).

WHEREFORE, Steamfitters Local 420, and the members of the Class it seeks to represent, respectfully requests that this Court enter judgment in its favor and against the Debtor-Defendants and Non-Debtor Defendants as follows: (i) declaring that the debts of the Debtor-Defendants and Non-Debtor-Defendants are nondischargeable under Section 523(a)(6) of the Bankruptcy Code, and (ii) for such other relief that is equitable and just under the circumstances.

## COUNT THREE
## Objection to Discharge Pursuant to 11 U.S.C. § 1141(d)(3)(C)

105.    Steamfitters Local 420 repeat and reallege the allegations in the preceding paragraphs as if the same were set forth fully herein.

106.    11 U.S.C. § 1141(d)(3)(C) provides that "The confirmation of a plan does not discharge a debtor if … the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title."

107.    11 U.S.C. 727(a) provides that discharge is denied where the debtor, "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—property of the debtor, within one year before the date of the filing of the petition."

108.    The Debtor-Defendants, in concert with the Non-Debtor Defendants, with the guidance and direction of their restructuring professionals, routinely removed, transferred and concealed property and assets of the Debtor estates, as well as assets of the Non-Debtors, through, *inter alia*, the use of corporate entities, estates, trusts, holding companies, limited liability companies, fictitious names, changes of corporate names, changes of corporate forms, changes of corporate structures and composition, and other corporate and business maneuvers as described herein, in order to hinder, delay and defraud their creditors.

109.    By virtue of the actions and omissions of Debtor-Defendants and Non-Debtor Defendants, and pursuant to section 727(a)(2)(A) of the Bankruptcy Code, Debtor-Defendants and Non-Debtors Defendants are not entitled to a discharge.

WHEREFORE, Steamfitters Local 420, and the members of the Class it seeks to represent, respectfully requests that this Court enter judgment in their favor and against the Debtor-

Defendants and Non-Debtor Defendants as follows: (i) declaring that the Debtor-Defendants and Non-Debtor-Defendants are not entitled to a discharge under Section 727(a)(2)(A) of the Bankruptcy Code, and (ii) for such other relief that is equitable and just under the circumstances.

## COUNT FOUR
## Objection to Discharge Pursuant to 11 U.S.C. § 1141(d)(3)(C)

110.    Steamfitters Local 420 repeats and realleges the allegations in the preceding paragraphs as if the same were set forth fully herein.

111.    11 U.S.C. § 1141(d)(3)(C) provides that "The confirmation of a plan does not discharge a debtor if … the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title."

112.    Section 727(a)(4) of the Bankruptcy Code provides that a debtor shall not receive a discharge if the debtor knowingly or fraudulently, in or in connection with the bankruptcy case, made a false oath or account.

113.    The Debtor-Defendants have, in the statements and schedules filed in the Bankruptcy Case, in their testimony at the 341 hearing, in discovery depositions taken in the Bankruptcy Case, and in testimony at hearings in the Bankruptcy Case, knowingly and intentionally made false, inaccurate and/or misleading statements while under oath.

114.    On March 1, 2021, Counsel for Debtors, Elizabeth Marks, filed a letter with the Court[4]. That letter admitted that Debtors withheld from all parties and failed to disclose to the Court, correspondence sent to and received by Debtors that was highly relevant on the issue of indemnity.

---

[4] See D.I. 209 filed in Case No. 20-50850.

115.    As set out in Acthar Plaintiffs Motion for Relief from the Injunction in this case, Mr. Reasons and Mr. Welch both testified falsely that there had been no prior invocation of indemnity.

116.    The purpose of the concealment of the correspondence and false testimony was to procure an injunction that was a byproduct of coordination between Debtors and its co-conspirators.

117.    Even after the late disclosure of prior invocation of indemnity, Debtors have not corrected the evidentiary record or offered errata regarding the testimony of Debtors' officers.

118.    By virtue of the actions and omissions of Debtor-Defendants, and pursuant to section 727(a)(4) of the Bankruptcy Code, Debtor-Defendants and Non-Debtors Defendants are not entitled to a discharge.

WHEREFORE, Steamfitters Local 420, and the members of the Class it seeks to represent, respectfully requests that this Court enter judgment in its favor and against the Debtor-Defendants and Non-Debtor Defendants as follows: (i) declaring that the Debtor-Defendants and Non-Debtor-Defendants are not entitled to a discharge under Section 727(a)(4) of the Bankruptcy Code, and (ii) for such other relief that is equitable and just under the circumstances.

## COUNT FIVE
### Objection to Discharge Pursuant to 11 U.S.C. § 1141(d)(3)(C)

119.    Steamfitters Local 420 repeats and realleges the allegations in the preceding paragraphs as if the same were set forth fully herein.

120.    11 U.S.C. § 1141(d)(3)(C) provides that "The confirmation of a plan does not discharge a debtor if … the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title."

121.    Section 727(a)(5) of the Bankruptcy Code provides that a debtor may be denied a discharge if the debtor fails to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities.

122.    The Debtor-Defendants have, in the statements and schedules filed in the Bankruptcy Case, in their testimony at the 341 hearing, in discovery depositions taken in the Bankruptcy Case, and in testimony at hearings in the Bankruptcy Case, failed to explain satisfactorily any loss of assets or deficiency of assets to meet the Debtors' liabilities.

123.    By virtue of the actions and omissions of Debtor-Defendants, and pursuant to section 727(a)(5) of the Bankruptcy Code, Debtor-Defendants and Non-Debtors Defendants are not entitled to a discharge.

WHEREFORE, Steamfitters Local 420 and the members of the Class it seeks to represent, respectfully requests that this Court enter judgment in its favor and against the Debtor-Defendants and Non-Debtor Defendants as follows: (i) declaring that the Debtor-Defendants and Non-Debtor-Defendants are not entitled to a discharge under Section 727(a)(5) of the Bankruptcy Code, and (ii) for such other relief that is equitable and just under the circumstances.

Dated: June 4, 2021
Wilmington, Delaware

                                        **CIARDI CIARDI & ASTIN**
                                        */s/ Daniel K. Astin*
                                        Daniel K. Astin (No. 4068)
                                        1204 North King Street
                                        Wilmington, DE  19801
                                        Telephone: (302) 658-1100
                                        Facsimile: (302) 658-1300
                                        dastin@ciardilaw.com

                                        -and-

                                        Albert A. Ciardi, III, Esquire
                                        Walter W. Gouldsbury III, Esquire
                                        (Admitted *pro hac vice*)
                                        CIARDI & ASTIN

1905 Spruce Street
Philadelphia, PA 19103
Telephone:  (215) 557-3550
Facsimile:  (215) 557-3551
aciardi@ciardilaw.com
wgouldsbury@ciardilaw.com

-and-

Donald E. Haviland, Jr., Esq.
(Admitted *pro hac vice*)
William H. Platt II, Esq.
(Admitted *pro hac vice*)
David M. Catherine, Esq.
(Admitted *pro hac vice*)
**HAVILAND HUGHES**
201 South Maple Ave., Suite 110
Ambler, Pennsylvania 19002
T: 215-609-4661
F: 215-392-4400
haviland@havilandhughes.com
platt@havilandhughes.com
catherine@havilandhughes.com

-and-

Dion G. Rassias, Esq. (No. 2829)
 Jillian E. Johnston, Esq.
(Admitted *pro hac vice*)
 **THE BEASLEY FIRM, LLC**
1125 Walnut Street
Philadelphia, PA  19107
T: 215-592-1000
dgr@beasleyfirm.com
Jill.johnston@beasleyfirm.com

-and-

James Bartimus, Esq.
(Admitted *pro hac vice*)
Anthony DeWitt, Esq.
(Admitted *pro hac vice*)
**BARTIMUS, FRICKLETON,
ROBERTSON, RADAR PC**
11150 Overbrook Road, Suite 200
Leawood, Kansas 66211

T: 913-266-2300
F: 913-266-2366
jb@bflawfirm.com
ALDewitt@bflawfirm.com

-and-

Peter J. Flowers, Esq.
(Admitted *pro hac vice*)
Jonathan P. Mincieli, Esq.
(Admitted *pro hac vice*)
**MEYERS & FLOWERS, LLC**
3 North Second Street, Suite 300
St. Charles, Illinois 60174
T: 630-232-6333
F: 630-845-8982
pjf@meyers-flowers.com
jpm@meyers-flowers.com

*Counsel for Plaintiff*